AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Northern District of New York

| | |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br><br>BENJAMIN CHAVARRIA-CARRERA<br><br>Defendant | Case No. 5:25-MJ-25 (MJK) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief. On or about the date(s) of January 27, 2025 in the county of Onondaga in the Northern District of New York the defendant violated:

| Code Section | Offense Description |
|---|---|
| 8 U.S.C. § 1326(a) and (b)(1) | Benjamin Chavarria-Carrera, an alien, native and citizen of Guatemala, being an alien who has been denied admission, excluded, deported, or removed, or have departed the United States while an order of exclusion, deportation, or removal is outstanding, entered and was thereafter found in the United States without the Attorney General of the United States, or his successor, the Secretary of Homeland Security, having expressly consented to his reapplication for admission into the United States, and that removal was subsequent to the conviction for the commission of a felony |

This criminal complaint is based on these facts:
See Attached Affidavit.

☒ Continued on the attached sheet.

_____
Complainant's signature

Michael G. Donnell, Deportation Officer
Printed name and title

Attested to by the affiant in accordance with Rule 4.1 of the Federal Rules of Criminal Procedure.

Date: 1/31/2025

_Judge's signature_

City and State: Syracuse, NY

Hon. Mitchell J. Katz, U.S. Magistrate Judge
_Printed name and title_

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Michael Donnell, having been first duly sworn, hereby depose and state as follows:

## INTRODUCTION

1. I am a Deportation Officer employed by the U.S. Department of Homeland Security ("DHS"), Immigration and Customs Enforcement ("ICE"). I have been so employed since February 2022. I investigate violations of the immigration and nationality laws of the United States, which primarily are found in Titles 8 and 18 of the United States Code. I have received training in the investigation of violations of the United States Code as it pertains to immigration law and other violations of the United States Code involving criminal matters.

2. This affidavit is made in support of an application for a criminal complaint charging Benjamin CHAVARRIA-CARRERA with a violation of Title 8, United State Code, Section 1326(a) and (b)(1), illegal re-entry of a previously removed alien whose removal was subsequent to a conviction for the commission of a felony.

3. The statements contained in this affidavit are based upon my investigation of this matter, information provided by other law enforcement agents, and my experience and training as a Deportation Officer. Because this affidavit is being submitted for the limited purpose of securing a criminal complaint, I have not included every fact known to me concerning this investigation. Rather, I have set forth only those facts necessary to establish probable cause to believe that CHAVARRIA-CARRERA has violated Title 8, United States Code, Section 1326(a) and (b)(1).

## INVESTIGATION AND FACTUAL BASIS FOR THE COMPLAINT

4. On or about January 22, 2025, an anonymous tip was provided through the Homeland Security Investigations ("HSI") priority notification system that Benjamin

CHAVARRIA-CARRERA was in the United States unlawfully and was residing in the Syracuse, New York area.

5.   A review of ICE records and CHAVARRIA-CARRERA's immigration records revealed that CHAVARRIA-CARRERA was not a citizen of the United States, was instead a citizen of Guatemala, and had no legal right to be present in the U.S. Records indicated that CHAVARRIA-CARRERA's first encounter with ICE was at the Moffat Correctional Facility in Craig, Colorado, after an arrest for state charges by a local Colorado police agency in May 2009. On May 7, 2009, after having been provided a *Miranda* warning and agreeing to speak with law enforcement, CHAVARRIA-CARRERA admitted to ICE agents that he was present in the United States illegally and that he had entered the U.S. on or about February 15, 2001, near El Paso, Texas. On May 19, 2009, an Immigration Judge ordered CHAVARRIA-CARRERA be removed from the U.S. He was actually removed from the U.S. on June 16, 2009.

6.   On June 25, 2016, CHAVARRIA-CARRERA again entered the U.S. illegally by jumping over a pedestrian fence from Mexico into the U.S. near Santa Teresa, New Mexico. CHAVARRIA-CARRERA was apprehended by U.S. Border Patrol on that same date. Agents compared the fingerprint records from CHAVARRIA-CARRERA's 2009 removal with fingerprints taken at the time of his 2016 arrest and determined them to be a match. As CHAVARRIA-CARRERA had no legal basis to have reentered the U.S., his 2009 removal order remained in effect.

7.   On June 24, 2016, CHAVARRIA-CARRERA was charged by criminal complaint in the District of New Mexico with a violation of Title 8, United States Code, Section 1326(a), illegal re-entry of a previously removed alien. On June 27, 2016, CHAVARRIA-CARRERA pleaded guilty to that charge pursuant to an Information and was sentenced to 33 days'

imprisonment. Following fulfillment of his sentence, on August 17, 2016, CHAVARRIA-CARRERA was again removed from the U.S. pursuant to the 2009 order of removal.

8. On January 26, 2025, ICE agents conducted a surveillance operation at CHAVARRIA-CARRERA's residence in Syracuse, New York. During the course of the operation, agents observed CHAVARRIA-CARRERA at the residence. On January 27, 2025, agents arrested CHAVARRIA-CARRERA outside his residence. CHAVARRIA-CARRERA's fingerprints were taken during the booking process and compared with fingerprint records from his 2009 and 2016 law enforcement encounters. Agents determined the fingerprints were a match. Investigators provided CHAVARRIA-CARRERA with a *Miranda* warning and he agreed to speak with law enforcement. CHAVARRIA-CARRERA admitted he was a citizen of Guatemala and that he had no legal right to be present in the U.S.

9. Further review of CHAVARRIA-CARRERA's immigration records revealed that CHAVARRIA-CARRERA has made no claim for legal status in the U.S. CHAVARRIA-CARRERA has never been lawfully admitted to the U.S. nor been given permission to reenter by the Attorney General or the Secretary of the Department of Homeland Security.

## CONCLUSION

10. Based upon the foregoing information, I respectfully submit there is probable cause to believe the defendant, Benjamin CHAVARRIA-CARRERA, has violated Title 8, United States Code, Section 1326(a) and (b)(1), having improperly reentered and having been found in the United States subsequent to a prior order of removal, without having previously obtained permission to reenter from the necessary authorities, and that removal being subsequent to a conviction for the commission of a felony, namely a prior violation of Title 8, United States Code,

Section 1326. Your affiant requests that a criminal complaint be issued pursuant to this violation of federal law.

ATTESTED TO BY THE APPLICANT IN ACCORDANCE WITH THE REQUIREMENTS OF RULE 4.1 OF THE FEDERAL RULES OF CRIMINAL PROCEDURE

_____
Michael G. Donnell
Deportation Officer
Immigration and Customs Enforcement

I, the Honorable Mitchell J. Katz, United States Magistrate Judge, hereby acknowledge that this affidavit was attested to by the applicant by telephone on January  31 , 2025, in accordance with Rule 4.1 of the Federal Rules of Criminal Procedure.

_____
Hon. Mitchell J. Katz
U.S. Magistrate Judge